IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER CIMEI,

      Plaintiff,

  v.

DEPARTMENT OF THE TREASURY,

      Defendant.

Case No. 6:26-cv-1200-MC

OPINION AND ORDER

_____

**MCSHANE, District Judge:**

Plaintiff Peter Cimei, proceeding *pro se*, filed 200 pages of documents, apparently related to a dispute Plaintiff has with the IRS. These documents consist almost entirely of gibberish, which is difficult, if not impossible to make out. For example, one randomly selected paragraph states:

> 1 FOR THIS <u>PORTING–TREATY</u> OF THIS <u>LIVE-LIFE-BIRTH-NATIVITY-TREATY</u> IS WITH THIS <u>PORTING-TREATY</u> OF THIS <u>BIRTH</u> WITH THIS <u>PERFORMANCE-CLAIM</u> OF THIS <u>CLAIM-LIFE-BIRTH</u> WITH THIS <u>DATE-26-MARCH-1988</u> OF THIS <u>VESSEL; PETER-NATHANEAL; CIMEI &</u> CLAIM-LIFE-BIRTH-BEING-NEUTRAL/CLAIMANT:    Peter-Nathanael: Cimei's-<u>KNOWLEDGE</u> WITH THIS <u>SWEAT-EQUITY-LABOR</u> OF THIS <u>MOTHER: HEATHER: BENAVIDES</u> WITH THIS <u>BILL</u> OF THIS <u>LADING</u> WITH THIS <u>MOTHER: HEATHER; BENAVIDES</u> & FATHER: ALFRED:

1 – OPINION AND ORDER

<u>CIMEI WITHIN THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-MARKET-TRADE-PORT-VENUE-PERFORMANCE-NEUTRALITY</u>.

Compl. 16; ECF No. 1. (emphasis in original).

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Again, this filing is incomprehensible. It is essentially random words strewn together with some attempt to read like a legal filing should perhaps read. But the Court cannot make it out and can make out absolutely no case or controversy (other than Plaintiff attaches some letters from the IRS that he has somewhat randomly marked up). As Plaintiff's initial filing confirms that there was no active case or controversy upon filing, this Court lacks subject matter jurisdiction and this matter must be dismissed.

Additionally, this action is clearly frivolous. Plaintiff believes in "sovereign citizen" theories. The Court recognizes the fact that Plaintiff puts his thumbprint on filings and also recognizes some aspects of the filings indicating that Plaintiff believes that the IRS created a trust fund upon Plaintiff's birth. These are sovereign citizen ideas.

"Federal courts lack subject matter jurisdiction to consider claims that are 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Patterson v. Yellen*, 2023 WL 8477411, at *2 (D. Or. Dec. 7, 2023). "Every federal court has rejected claims based on sovereign citizen arguments and ideology as frivolous." *Id.* "This Court has no jurisdiction for fictitious claims which are not based in law, but based on the fantasies of the sovereign citizen movement." *Pounds v. Michigan*, 2025 WL 3966631, at *7 (W.D. Mich. Nov. 24, 2025). "While the undersigned does not pretend to understand the opaque particulars of Plaintiff['s] debt-avoidance stratagem, what is clear is that it is frivolous." *Prosper*, 2025 WL

2 – OPINION AND ORDER

2889230, at *8. This action is DISMISSED, with prejudice. Any pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this 25th day of June 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge

3 – OPINION AND ORDER